UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH W. MICHAEL,<br><br>            Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>            Defendant. | Case No. 3:11-cv-05756-BHS-KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for November 25, 2011 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set aside a decision of the Social Security Administration under 42 U.S.C. § 405(g). ECF #4. Because plaintiff's application indicates he has sufficient income with which to pay the $350.00 filing fee, the undersigned recommends that the Court deny the application.

DISCUSSION

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. See Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with

REPORT AND RECOMMENDATION - 1

his cause of action. In his application, plaintiff indicates that he has approximately $2,000.00 in a his checking and/or savings account and has been receiving $1,500.00 every two weeks since March 24, 2011, in disability or workers compensation payments. Although the undersigned recognizes that $3,000 per month does not constitute a substantial income, given that there are no other persons who are dependent upon plaintiff for support and he has an additional $2,000.00 in funds at his disposal, it does not seem unreasonable to expect him to pay the required filing fee.

## CONCLUSION

Because it is reasonable for plaintiff to incur the costs to proceed with this cause of action, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the Court order plaintiff to pay the required filing fee within **thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedures ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **November 25, 2011**, as noted in the caption.

DATED this 8th day of November, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2